OPINION
{¶ 1} Defendant-appellant, Michael Jerome Fletcher, appeals his sentence in the Belmont County Common Pleas Court for one count of domestic violence, a felony of the third degree, following a guilty plea.
 {¶ 2} An incident took place between appellant and his live-in girlfriend at the time, Vicki Lynn Bailey (Bailey). Bailey was the initial complaining witness who first stated that appellant had choked her. Two witnesses were able to corroborate this story.
 {¶ 3} On September 2, 2004, a Belmont County Grand Jury returned an indictment charging appellant with domestic violence, in violation of R.C2919.25(A). The charge also included a specification of two prior convictions for domestic violence, making the charge a third-degree felony. R.C. 2919.25(D)(4).
 {¶ 4} On November 22, 2004, the trial court sentenced appellant to three years in prison. This appeal followed.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "The Court erred as the sentencing was contrary to the sentencing factors."
 {¶ 7} Appellant pleaded guilty to one count of domestic violence, in violation of 2919.25(A). Violation of this section is a third-degree felony since appellant had two prior convictions for domestic violence. R.C. 2919.25(D)(4). Under R.C. 2929.14(A)(3), a third-degree felony carries a possible prison term of one, two, three, four, or five years. The trial court sentenced appellant to three years in prison.
 {¶ 8} R.C. 2953.08(A) provides in relevant part:
 {¶ 9} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 10} "* * *
 {¶ 11} "(4) The sentence is contrary to law."
 {¶ 12} Additionally, R.C. 2953.08(G)(2) provides:
 {¶ 13} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 15} "* * *
 {¶ 16} "(b) That the sentence is otherwise contrary to law."
 {¶ 17} Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954), 161 Ohio St. 469, 53 O.O. 361,120 N.E.2d 118, paragraph three of the syllabus, as:
 {¶ 18} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." See, also State v.Eppinger (2001), 91 Ohio St.3d 158, 164, 743 N.E.2d 881.
 {¶ 19} When determining whether to impose a prison term as a sanction for a felony of the third degree, the sentencing court shall comply with the purposes and principles of sentencing set forth in R.C. 2929.11 and R.C. 2929.12. R.C. 2929.13(C). The overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C. 2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 20} The sentencing court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C. 2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 21} Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination — seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.
 {¶ 22} The seriousness factors enumerated in R.C. 2929.12 take one of two forms — factors that make an offense more serious than conduct normally constituting the offense, and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:
 {¶ 23} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 24} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 25} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 26} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 27} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 28} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 29} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 30} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
 {¶ 31} The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(C). They are:
 {¶ 32} "(1) The victim induced or facilitated the offense.
 {¶ 33} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 34} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 35} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 36} Appellant argues that his conduct was not more serious than conduct normally constituting the offense. Appellant points to the absence of factors that make an offense more serious than conduct normally constituting the offense; specifically, R.C. 2929.12(B)(2), (3), (4), (5), (6), (7), and (8).
 {¶ 37} Appellant argues that the victim in this case, Bailey, had testified at his sentencing hearing that appellant never touched anyone, therefore the trial court improperly weighed this factor found in R.C.2929.12(B)(2) into the sentencing decision. Bailey did recant her original version of events at appellant's sentencing hearing. However, the trial court judge had ample reason to discredit Bailey's testimony and instead give more credibility to the written statements of two people who witnessed the incident, in addition to, the voluntary statement Bailey gave to the police on the day of the incident. Determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts — in this case, the trial court judge. State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366,227 N.E.2d 212, paragraph one of the syllabus. Additionally, appellant acknowledged his participation in the crime when he entered his guilty plea.
 {¶ 38} Appellant's only other argument is that, under R.C. 2929.12(C), there were substantial grounds to mitigate his conduct, although the grounds were not enough to constitute a defense. However, in his appellate brief, appellant fails to elaborate on what those grounds were.
 {¶ 39} While arguing that the sentence of appellant was contrary to law, appellant fails to address the other factors that the trial court considered in the determination of whether appellant committed an offense that was more serious than the conduct which normally constitutes the offense. Pursuant to R.C. 2929.12(A), the trial court is not limited to the factors specifically stated in this section of the Revised Code, but can consider any other factor that is necessary to achieve the overriding purposes and principles of felony sentencing. In this case, the trial court not only considered the factors pursuant to R.C. 2929.12(B)(2), that the victim suffered physical harm, but also considered factors pursuant to R.C. 2929.13 and R.C. 2929.14 in the determination of the length of appellant's prison term, including that: appellant had served a previous prison term, had a criminal history of domestic violence, appellant's abuse of alcohol, and appellant's lack of remorse for his conduct.
 {¶ 40} In sum, the trial court's sentence in this case was clearly and convincingly supported by the record and not contrary to law.
 {¶ 41} Appellant's sole assignment of error is without merit.
 {¶ 42} The judgment of the trial court is hereby affirmed.
Vukovich, J., Waite, J., concurs.